**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 10, 2009

Charles R. Fulbruge III
Clerk

No. 09-40360

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

GERMON MONTREL WINSTON,

Defendant–Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:08:cr-00746-1

Before HIGGINBOTHAM, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Germon Montrel Winston appeals his conviction for three counts: two counts of possession with intent to distribute controlled substances under 21 U.S.C. § 841 and one count of conspiracy to possess with intent to distribute controlled substances under 21 U.S.C. §§ 846 and 841. Winston argues that the Government did not prove beyond a reasonable doubt that he knew the type and quantity of the drugs he possessed. Because we have held that "knowledge of the drug type and quantity is not an element that must be . . . proved" beyond

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a reasonable doubt, we affirm. *United States v. Gamez-Gonzales*, 319 F.3d 695, 700 (5th Cir. 2003); *see also United States v. Betancourt*, No. 08-40909, 2009 WL 3233532, at *4 (5th Cir. Oct. 9, 2009) (re-affirming *Gamez-Gonzalez*).

Winston, while driving a tractor-trailer rig, pulled into the Sarita, Texas, Border Patrol checkpoint. As Customs and Border Protection ("CBP") Agent Kavonte Wilson questioned Winston, CBP Agent Manuel Ozuna walked a detection canine around the rig. The dog alerted Agent Ozuna to the tractor portion of the vehicle. Agent Wilson directed Winston to drive the rig to a secondary inspection area, where CBP agents conducted a second canine inspection, escorted Winston to a waiting area, and conducted a search of the vehicle. CPB agents found 90.6 kilograms of marijuana, 3.1 kilograms of cocaine, $38,000 in $20 bills, and a bottle of "Scent Away," which "could be used to try to mask the odor of marijuana."

The grand jury charged Winston with three counts: (1) conspiracy to possess with the intent to distribute more than five hundred grams of cocaine and more than fifty kilograms of marijuana in violation of 21 U.S.C. § 846 and § 841(a)(1) & (b)(1)(B), and 18 U.S.C. § 2; (2) possession with intent to distribute more than five hundred grams of cocaine in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B), and 18 U.S.C. § 2; and (3) possession with intent to distribute more than fifty kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B), and 18 U.S.C. § 2. The jury found Winston guilty on all counts, and Winston appealed.

On appeal, Winston argues that the Government did not prove beyond a reasonable doubt that he knew the specific types and quantities of drugs he possessed. Winston acknowledges that we have previously held that "even though the drug type and quantity must now be proved beyond a reasonable doubt, *knowledge* of the drug type and quantity is not an element that must be so proved." *Gamez-Gonzales*, 319 F.3d at 700 (emphasis added). Winston

argues, however, that we should revisit the *Gamez-Gonzales* holding in light of *Flores-Figuera v. United States*, in which the Supreme Court held that if the Government charges a defendant with a violation of 18 U.S.C. § 1028A(a)(1)—the federal identity theft statute—the Government must prove beyond a reasonable doubt that "the defendant knew that the means of identification at issue belonged to another person." 129 S. Ct. 1886, 1888–94 (2009).

In *Betancourt*, we held that *Flores-Figuera* did not overturn *Gamez-Gonzales*. *See Betancourt*, 2009 WL 3233532, at *4. Specifically, we held that "the structure of § 841 is different from that of § 1028A(a)(1)," and that "[a] common-sense, natural reading of § 841 leads to the inevitable conclusion that Congress did not intend for the word 'knowingly' in § 841(a) to modify language in § 841(b)." *Id*. at *5,*6. Because *Gamez-Gonzales* precludes Winston's only argument, and *Betancourt* affirmed *Gamez-Gonzales*'s holding, we affirm Winston's conviction.

AFFIRMED.