# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40503
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 8, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALFREDO MARIO ALBERTO RUIZESPARZA NAVARRETTE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:17-CR-803-1

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Alfredo Mario Alberto Ruizesparza Navarrette appeals his guilty plea convictions for (1) conspiracy to import one kilogram or more of heroin and 50 grams or more of methamphetamine or 500 grams or more of a mixture or substance containing methamphetamine and (2) importation of one kilogram or more of heroin and 50 grams or more of methamphetamine or 500 grams or more of a mixture or substance containing methamphetamine. He argues that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40503

the factual basis for his guilty plea was insufficient because the Government did not prove that he knew the type and quantity of the controlled substances involved in his offenses.

As Navarrette concedes, his argument is foreclosed by *United States v. Betancourt*, 586 F.3d 303, 308-09 (5th Cir. 2009). There, we held that *Flores-Figueroa v. United States*, 556 U.S. 646 (2009), did not overturn *United States v. Gamez-Gonzalez*, 319 F.3d 695 (5th Cir. 2003), and that the Government is not required to prove knowledge of the drug type and quantity as an element of a 21 U.S.C. § 841 drug trafficking offense. In unpublished opinions, other panels of this Court have applied that reasoning to 21 U.S.C. § 846 drug conspiracy charges and the substantive drug importation statutes at issue here, namely 21 U.S.C. §§ 952(a) and 960(a). *See United States v. Winston*, 355 F. App'x 822 (5th Cir. 2009); *United States v. Zuniga-Martinez*, 512 F. App'x 428 (5th Cir. 2013). We agree with the analysis of those opinions.

Thus, the Government was not required to prove that Navarrette knew the type and quantity of the controlled substances involved in his conspiracy and substantive drug importation offenses.

Navarrette's motion for summary disposition is GRANTED, and the district court's judgment is AFFIRMED.